# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| RILDA FIRKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUO TELEPHONE COOPERATIVE CORPORATION, INC. DBA DUO BROADBAND AND COMMUNICATIONS DATA GROUP, INC.,<br><br>Defendants | Case No. 1:25-CV-84-GNS<br><br>[Removed from Commonwealth of Kentucky, Russell Circuit Court] |

## COMMUNICATIONS DATA GROUP, INC.'S NOTICE OF REMOVAL

Defendant Communications Data Group, Inc. ("CDG"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Commonwealth of Kentucky, Russell Circuit Court ("State Court") where it is now pending as Case No. 25-CI-00183 to the United States District Court for the Western District of Kentucky, Bowling Green Division, pursuant to 28 U.S.C. § 1441(a) governing the removal of civil actions, and 28 U.S.C. § 1453 governing the removal of class actions. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on CDG in the action to date are attached as Exhibit 1 to the Declaration of Benjamin Sandlin ("Sandlin Decl."), and CDG provides the following "short and plain statement" of the grounds for removal.

### INTRODUCTION

1.   Plaintiff Rilda Firkins ("Plaintiff") alleges that in or around February and March 2025, CDG fell victim to a ransomware attack, resulting in the compromise of personally identifiable information ("PII" or "Private Information"). Compl. ¶ 1.

1

2. On May 21, 2025, Plaintiff filed a putative class action against CDG in the State Court, alleging harm caused by the alleged exposure of Plaintiff's PII, including her "name, mailing address, date of birth and Social Security number." *Id.* ¶ 2.

3. Plaintiff alleges three causes of action on her behalf, and on behalf of the putative class for (1) negligence, (2) breach of implied contract, and (3) "Third-Party Beneficiary."

4. Plaintiff defines the purported nationwide class that she seeks to represent as: "All individuals who reside in the United States whose Private Information was exposed in the Data Breach involving Defendant." *Id.* ¶ 88.

5. Among other remedies, Plaintiff, on behalf of herself and all other members of the putative class, seeks the following relief: an award of actual damages, compensatory damages, statutory damages, statutory penalties, punitive damages, pre and post judgment interest, attorneys' fees and costs, restitution, disgorgement, ten years of credit monitoring services, and certain equitable relief, including requiring CDG "to use appropriate methods and policies related to consumer data collection, storage, and safety," among other types of equitable relief. *See* Compl., Prayer for Relief ¶¶ b–i.

6. While the consent of codefendant Duo Telephone Cooperative Corporation, Inc. ("Duo") to the removal of this action is not a requirement for removal of class actions under 28 U.S.C. § 1453(b), *see In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012), CDG understands that Duo, through counsel, consented to the removal of this action.

## REMOVAL IS PROPER UNDER CAFA

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendant[], to the district court for

the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also id. § 1453(b).

8. CAFA vests district courts with original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million exclusive of interest and costs, and where "any member of [the] class of plaintiffs is a citizen of a State different from any defendant". 28 U.S.C. § 1332(d)(1)–(2). This action satisfies each of these requirements.

9. This action meets CAFA's definition of a class action, which is "any civil action" filed under a "State statute or rule of judicial procedure" that, "similar" to Federal Rule of Civil Procedure 23, authorizes "an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a). Plaintiff alleges that she "brings this action on behalf of herself and on behalf of all other persons similarly situated, pursuant to Kentucky Rule of Civil Procedure 23(a)," Compl. ¶ 87, which is Kentucky's analogue to Federal Rule of Civil Procedure 23. *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 436 (Ky. 2018) ("CR 23 mirrors its federal counterpart, Federal Rules of Civil Procedure Rule (FRCP) 23."). Plaintiff has therefore, filed a "class action" within the meaning of CAFA.

10. Plaintiff's Complaint estimates that there are "over 42,000 individuals" whose information has been allegedly compromised. Compl. ¶ 91. Plaintiff's Complaint accordingly establishes that there are at least 100 persons in the putative class, as required by 28 U.S.C. § 1332(d)(5)(B). *See Black v. Crowe, Paradis, & Albren, LLC*, No. CIV.A. 5:14-187-KKCB, 2014 WL 3965043, at *2 (E.D. Ky. Aug. 13, 2014) (to establish jurisdictional requirements for removal, "defendants properly focus on the allegations as they are set forth in the complaint. . . . The Court will not look past the plaintiff's own description of the class . . . .").

11. CAFA requires minimal diversity, meaning that at least one putative class member must be "a citizen of a State different from any defendant". 28 U.S.C. § 1332(d)(2)(A). A class member is any person "who fall[s] within the definition" of the proposed class. *Id.* § 1332(d)(1)(D). Corporations are deemed to be citizens of the states where they are incorporated and where they have their principal places of business. *Id.* § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (principal place of business of a corporation is its "usually its main headquarters").

12. CDG is a Delaware corporation with its principal place of business in Illinois.

13. Plaintiff alleges she is a citizen of Kentucky, residing in the city of Columbia. Compl. ¶ 16.

14. Accordingly, minimal diversity exists between the Plaintiff and CDG because at least one putative class member is a citizen of a different state than CDG. *See* 28 U.S.C. § 1332(d)(2)(A).

15. Under CAFA, class member claims are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs". 28 U.S.C. § 1332(d)(2), (d)(6). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. Although CDG denies all allegations of wrongdoing and maintains that Plaintiff's claims are meritless, Plaintiff's Complaint seeks, among other things, compensatory, exemplary, punitive damages, statutory damages, attorneys' fees, and injunctive relief.

17. Plaintiff alleges a class of "over 42,000." Compl. ¶ 91. If the purported class is exactly 42,000 individuals, an award of $120 in relief per putative class member would reach the jurisdictional threshold. Plaintiff's requested relief easily passes this amount.

18. One of Plaintiff's request for relief cited in the Complaint is for 10 years of credit monitoring. Prayer for Relief ¶ e. A review of available credit monitoring products makes clear that none are offered for less than $120 for a 10-year membership. Equifax Complete™, for example, is marketed for $9.95 per month on the Equifax website[1]; LifeLock Standard charges $89.99 for the first year and $124.99 each year thereafter[2]; and Experian charges $24.99 per month.[3] Even the least expensive credit monitoring of the foregoing three options—Equifax Complete™—is $119.40 per year ($9.95 per month x 12 months per year), which calculates to $1,194 for 10 years. Even assuming CDG received a bulk discount, the jurisdictional minimum is easily met just through Plaintiff's prayer for 10 years of credit monitoring. *See e.g., Rauhala v. Greater New York Mut. Ins., Inc.*, No. CV 22-1788, 2022 WL 16553382, at *2, n. 17 (E.D. Pa. Oct. 31, 2022) (finding that defendant "met its burden of showing" the "aggregate amount in controversy exceeds $5 million because" the request for "at least five years of credit monitoring services for the class would cost more than $20 million.").

19. Plaintiff also seeks punitive damages. The United States Supreme Court has accepted a punitive-to-compensatory damages ratio near 4:1. *See McElroy v. Cordish Companies, Inc.*, No. 3:15-CV-390-DJH, 2016 WL 1069684, at *3 (W.D. Ky. March 16, 2016) (finding defendant's 4:1 punitive-to-compensatory damages allegation plausible because it was "based on facts set forth in [plaintiff's] complaint and Supreme Court precedent concerning an acceptable punitive-to-compensatory damages ratio, combined with a conservative estimate of class members' claims.") (*citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

---

[1] https://www.equifax.com/ (last visited June 16, 2025)
[2] https://lifelock.norton.com/products/budget-friendly?inid=lifelock-home_ribbon_budget-friendly-plans (last visited June 16, 2025)
[3] https://www.experian.com/protection/compare-identity-theft-products/ (last visited June 16, 2025)

For example, even assuming Plaintiff seeks to represent a class consisting of exactly 42,000 individuals, and applying a punitive-to-compensatory damages ratio of 4:1, the amount of compensatory damages in dispute would need to be only $23.81 per class member—or $1,000,020 in the aggregate—for the amount in controversy to exceed $5,000,000. *See also Brown v. Paducah & Louisville Ry., Inc.*, No. 312-CV-00818-CRS, 2013 WL 5273773, at *4 (W.D. Ky. Sept. 17, 2013) (holding amount in controversy exceeded CAFA statutory threshold because where "even assuming a conservative punitive-to-compensatory damages ratio of 2:1, the amount of the Plaintiffs' compensatory damages would only have to be $1,666,667 in order for the amount in controversy to exceed five million dollars.").

20. It is plausible Plaintiff alleges at least $23.81 in compensatory damages per putative class members because Plaintiff alleges various types of allegedly compensable harms. Plaintiff alleges the following "ascertainable losses in the form of out-of-pocket expenses" and time relating to:

    a. Finding fraudulent charges;

    b. Canceling and reissuing credit and debit cards;

    c. Purchasing credit monitoring and identity theft prevention;

    d. Addressing their inability to withdraw funds linked to compromised accounts;

    e. Taking trips to banks and waiting in line to obtain funds held in limited accounts;

    f. Placing 'freezes' and 'alerts' with credit reporting agencies;

    g. Spending time on the phone with or at a financial institution to dispute fraudulent charges;

    h. Contacting financial institutions and closing or modifying financial accounts;

    i. Resetting automatic billing and payment instructions from compromised credit and debit cards to new ones;

      j. Paying late fees and declined payment fees imposed because of failed automatic payments that were tied to compromised cards that had to be cancelled; and

      k. Closely reviewing and monitoring bank accounts and credit reports for unauthorized activity for years to come.

Compl. ¶ 83. Plaintiff also alleges compensatory damages in the forms of "increased risk of harm from fraud and identity theft," *id.* ¶ 76, "loss of value of their Private Information," *id.* ¶ 81, and "anxiety, emotional distress, and loss of privacy, *id.* ¶ 86. All told, it is plausible the amount of compensatory damages Plaintiff has put into controversy per putative class member is at least $23.81, which, in the aggregate, and with punitive damages, satisfies CAFA's jurisdictional minimum.

    21.    In addition, the Court may consider the value of Plaintiff's requested injunctive relief. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (abrogated by statute on other grounds as stated in *United Food Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 546 (1996)). Plaintiff seeks injunctive relief requiring, among other things, that CDG: "(i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; and (iii) provide adequate credit monitoring to all Class Members." Compl. ¶¶ 113, 129. Implementing all of Plaintiff's requested injunctive relief—together with her request for out-of-pocket expenses associated with the prevention, detection, and recovery from alleged identity theft, or unauthorized use of her and the putative class members' PII—would exceed the $5 million threshold.

    22.    In sum, because the amount in controversy exceeds $5 million and all the other factors for CAFA jurisdiction are met, "jurisdiction is properly vested in this Court." *See Brown*, 2013 WL 5273773, at *8.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

23. This Notice of Removal is timely because CDG filed it within 30 days of being served with the summons and initial complaint on May 27, 2025. *See* 28 U.S.C. § 1446(b)(1) (requiring, as relevant here, that a notice of removal of a civil action be filed within 30 days after the defendant receives, "through service or otherwise," a copy of the summons and complaint); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

24. Plaintiff filed this action in the Commonwealth of Kentucky, Russell Circuit Court. Venue is, therefore, proper in the United States District Court for the Western District of Kentucky because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* § 97(b).

25. Promptly after the filing of this Notice, written notice of the filing will be served on Plaintiff, and a copy of the Notice, including exhibits, will be filed in the Commonwealth of Kentucky, Russell Circuit Court, as required by 28 U.S.C. § 1446(d).

26. Under Local Rule 8.1(a), CDG's county of residence is Champaign County, Illinois.

27. Under Local Rule 8.1(b), Plaintiff's county of residence is Adair County, Kentucky.

Dated: June 16, 2025

Respectfully submitted,

**THOMPSON HINE LLP**

/s/ Benjamin G. Sandlin
Benjamin G. Sandlin (Ky. Bar No. 99618)
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202
Telephone: (513) 352-6514
Facsimile: (513) 241-4771
Ben.Sandlin@ThompsonHine.com

Jessica E. Salisbury-Copper (Ky. Bar No. 100894)
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
Telephone: (937) 44306854
Facsimile: (937) 44306635
Jessica.Salisbury-Copper@ThompsonHine.com

Scott J. Hyman*
Jack F. Altura*
WOMBLE BOND DICKINSON (US) LLP
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
(657) 266-1067
(657) (facsimile)
Scott.Hyman@wbd-us.com
Jack.Altura@wbd-us.com

Lela Ames*
WOMBLE BOND DICKINSON (US) LLP
2001 K Street, NW, Suite 400 South
Washington D.C. 20006
(202) 857-4427
(202) 261-0088 (facsimile)
Lela.Ames@wbd-us.com

*Motion for *Pro Hac Vice* Admission forthcoming

*Counsel for Defendant Communications Data Group, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 16, 2025, I electronically filed the foregoing Notice of Removal with the Clerk of Courts and sent a copy by electronic mail to the following:

Michele Henry
Law Office of Michele Henry PLC
517 West Ormsby Avenue
Louisville, KY 40203
mhenry@michelehenrylaw.com

Leigh Montgomery
EKSM, LLP
4200 Montrose Blvd., Suite 200
Houston, TX 77006
lmontgomery@eksm.com

  A copy was also sent by ordinary U.S. Mail, postage prepaid, to the following:

Duo Telephone Cooperative Corporation, Inc.
 Dba Duo Broadband
c/o Thomas E. Preston, Registered Agent
2150 North Highway 127
Jamestown, KY 42629

               /s/ Benjamin G. Sandlin
               Benjamin G. Sandlin (#99618)